UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROSE W. FAIRLEY,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

No. CV-08-5015-JPH

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 22, 2008. (Ct. Rec. 10, 13, 16.) Attorney R. Gary Ponti represents plaintiff; Assistant United States Attorney Frank A. Wilson represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for further proceedings.

**JURISDICTION**

On January 23, 2003, plaintiff Rose W. Fairley (plaintiff) protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI). (Tr. 103, 512.) Plaintiff alleged an onset date of December 31, 2002 on the DIB application and an onset date of June 15, 2000 on the SSI application.[1]

[1] It is noted that plaintiff (Ct. Rec. 14 at 4), defendant (Ct. Rec. 17 at 3) and the ALJ (Tr. 18) all referred to plaintiff's DIB and SSI applications as alleging an onset date of December 31, 2002, although plaintiff's January 23, 2003 Application for Supplemental Security Income actually states, "The disability

(Tr. 103, 512.) Benefits were denied initially and on reconsideration. (Tr. 516, 521.) A hearing was held before ALJ Mary B. Reed on September 15, 2005. (Tr. 541-96.) Plaintiff's counsel was present. (Tr. 541.) Medical expert Alan Bostwick, Ph.D. and vocational expert K. Diane Kramer testified. (Tr. 563-79, 584-95.) Plaintiff testified by telephone and was represented by attorney Gary Ponti. (Tr. 541.) On September 11, 2006, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 18-29.) The Appeals Council made additional evidence part of the record and denied review on January 5, 2008. (Tr. 8, 11.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 28, 2008. (Ct. Rec. 1.)

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 38 years old at the time of her testimony. (Tr. 546.) She testified that she went to school through the ninth grade. (Tr. 546.) She does not have a G.E.D. or any vocational training. (Tr. 546-47.) Plaintiff's last employment was stocking shelves at Walmart for three months in 2001. (Tr. 547-48.) Her past work experience includes housekeeping, cannery work, fast food, kitchen helper and janitorial positions. (Tr. 549-50.) Plaintiff also worked in an assisted living facility. (Tr. 549.) She has

---

began on June 15, 2000." (Tr. 512.) However, it appears plaintiff intended to assert an onset date of December 31, 2002 because on the SSI application plaintiff's living arrangements are described as of January 1, 2003. (Tr. 512.) Furthermore, plaintiff previously filed applications for DIB on December 17, 1998 (Tr. 94) and February 9, 2002 (Tr. 98) and for SSI on February 14, 2002. (Tr. 503.) The 2002 applications alleged a disability onset date of June 15, 2000. The 1998 and 2002 applications were denied and plaintiff did not appeal. (Tr. 41, 43, 508.) Since it appears plaintiff intended to allege an onset date of December 31, 2002 on the 2003 application, an application with an onset date of June 15, 2000 was previously denied, and plaintiff's memorandum asserts an onset date of December 31, 2002, the court concludes any error with respect to the onset date is harmless and treats the alleged onset date as December 31, 2002.

a history of substance abuse. (Tr. 552-53.) At the time of the hearing, plaintiff was incarcerated for complicity to deliver methamphetamine. (Tr. 545.) Plaintiff alleged disability due to bipolar disorder, short temper, being very hyper, and mood changes. (Tr. 219.) She testified that she has mood swings and that part of her problem is she is easily distracted and has trouble concentrating and focusing. (Tr. 556.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a

finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant

is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform past work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2006. (Tr. 20.) At step one of the sequential evaluation, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 31, 2002. (Tr. 20.) At steps two and three, the ALJ found plaintiff has the severe impairments of bipolar disorder/cyclothymia, borderline intellectual functioning, personality disorder, and polysubstance dependence, currently in remission, but these impairments alone or in combination do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).[2] (Tr. 20-21.) Next, the ALJ determined plaintiff does not have any impairment or combination of impairments that would limit her ability to perform the physical aspects of work any level of exertion,

---

[2]The ALJ found that plaintiff's varicose veins of the legs and ankle fracture (resolved) are not severe impairments. (Tr. 21.) The ALJ also determined that plaintiff's alleged leg swelling is not a medically determinable impairment. (Tr. 21.) Plaintiff does not challenge these findings and the court concludes they are supported by substantial evidence in the record.

but she does have nonexertional mental limitations. The ALJ found:

> [W]hen claimant's substance abuse is included, she would have a moderate limitation in her ability to maintain attention and concentration for extended periods; to perform activities within a schedule, maintain regular attendance and be punctual; to complete a normal workday or workweek and to accept instructions; respond appropriately to criticism from supervisors; and understand, remember and carry out detailed instructions; maintain attention and concentration for extended periods; and interact with the public and co-workers. She would have a slight limitation in the ability to maintain socially appropriate behavior; and set realistic goals or plans independently of others.

(Tr. 21.) The ALJ's finding continued:

> When the claimant's substance abuse is excluded the claimant has no exertional limitations but the claimant would be limited to understanding, remembering and carrying out simple repetitive tasks away from the public and with only infrequent contact with other co-workers.

(Tr. 21-22.)

At step four, the ALJ found, based on vocational expert testimony, that plaintiff could perform her past relevant work as housekeeper/cleaner and sorter. (Tr. 27.) Further, the ALJ found that plaintiff is capable of performing her past relevant work both with and without consideration of the effects of her drug and alcohol abuse/dependence, so drug and alcohol abuse/dependence is not material to the decision. (Tr. 27.) Therefore, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from December 31, 2002 through the date of the ALJ decision. (Tr. 27.)

**ISSUES**

The issue is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff argues the ALJ erred by: (1) discounting the independent results of a consultative examination that raised significant issues of disability (Ct. Rec. 14 at 5); and (2) failing to fully develop the record with respect to plaintiff's mental health claim. (Ct. Rec. 14 at 8.) Plaintiff also argues the Appeals Council failed to properly weigh the opinion of the independent evaluating psychologist submitted after the ALJ's decision. (Ct. Rec. 14 at 8.) The Commissioner asserts that the ALJ properly considered the medical reports and opinions (Ct. Rec. 17 at 8) and that the ALJ did not have a duty to further develop the record. (Ct. Rec. 17 at 16.) The Commissioner also argues that evidence submitted by plaintiff after the hearing does not provide a basis for changing the decision. (Ct. Rec. 17 at 12.)

**DISCUSSION**

Plaintiff argues that the opinion of Stephen Rubin, Ph.D., was improperly discounted by the ALJ. The ALJ specifically rejected Dr. Rubin's April 4, 2003 and June 2, 2003 reports. (Tr. 26.) On the June 2, 2003 Psychological/Psychiatric Evaluation, Dr. Rubin assessed marked limitations in the abilities to understand, remember and follow complex instructions, perform routine tasks, relate appropriately to co-workers and supervisors and to interact appropriately in public contacts. (Tr. 402.) Dr. Rubin also assessed a severe limitation in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (Tr. 402.)

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. See *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989)); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

Dr. Rubin is an examining physician. His opinion regarding the extent of plaintiff's limitations was contradicted by examining and non-examining physicians, including the medical expert who testified at the hearing. (Tr. 347-50, 362-65, 493-95, 568-73.) Thus, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence to reject Dr. Rubin's opinion.

The ALJ provided three specific reasons for discounting Dr. Rubin's 2003 opinions. The first reason was that Dr. Rubin assessed plaintiff's limitations based on her self-report of symptoms rather than on the results of the objective evidence. (Tr. 26.) The record does not support the ALJ's conclusion. Dr. Rubin's April 4, 2003 report references review of earlier psychological evaluations including assessments by David Blakley, M.S.W. in 2000, Phil Barnard, Ph.D. in 2001, and Stephen Condon,

Ph.D. in 2002. (Tr. 397.) Dr. Rubin's report also includes objective test results from the Trails A and B and the Wechsler Memory Scale. (Tr. 397.) While his June 2, 2003 evaluation did not include additional objective testing, Dr. Rubin noted that, "Her situation does not appear to have changed in the last two months." (Tr. 399.) Dismissing Dr. Rubin's opinion on the basis that he considered only plaintiff's report of symptoms was error.

The ALJ also said, "It is noted that, although Dr. Rubin assessed the claimant as having marked and severe limitations in cognitive and social factors, he stated that the claimant's lack of motivation and self-confidence, rather than her mental disorders, were her most marked impediments to employment." (Tr. 26.) However, as the defendant pointed out (Ct. Rec. 17 at 11), the statement about plaintiff's lack of motivation and self-confidence is attributable to Dr. Condon (Tr. 331) rather than Dr. Rubin. Thus, the ALJ erred by rejecting Dr. Rubin's opinion on the basis of that statement.

Finally, the ALJ rejected Dr. Rubin's 2003 assessments because they were made during a period when plaintiff was using drugs and/or alcohol. (Tr. 26.) Plaintiff does not challenge this conclusion and the court concludes there is substantial evidence in the record to support rejection of Dr. Rubin's reports with respect to plaintiff's limitations without the effect of drug and alcohol abuse. However, the ALJ analyzed plaintiff's RFC both with and without the effects of drug and alcohol abuse. The ALJ did not provide any proper reason for rejecting Dr. Rubin's report in her analysis of plaintiff's RFC with the effects of drug and alcohol abuse. Since Dr. Rubin assessed greater limitations than the ALJ assessed in the RFC finding with the effects of drug and alcohol abuse, proper consideration of his opinion may result in a finding of disability.[3]

While other reasons may exist to reject Dr. Rubin's 2003 assessments, the court is constrained

---

[3] However, a finding of "disabled" would not automatically qualify plaintiff for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). If so, the ALJ should then determine whether the claimant would still be disabled without the influence of alcohol or drugs. 20 C.F.R. §§ 404.1535(b), 416.935(b); *Bustamante*, 262 F.3d 949 at 955.

to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). Here, the ALJ failed to provide sufficient reasons for rejecting the opinion of Dr. Rubin, an examining physician. There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). In this case, additional findings may be required of the ALJ under 20 C.F.R. §§ 404.1535 and 416.935(b) and *Bustamante*, 262 F.3d 949, after proper consideration of Dr. Rubin's 2003 opinions. As such, remand is the appropriate remedy.[4]

**CONCLUSION**

The ALJ's decision is not supported by substantial evidence and free of legal error. A remand for further proceedings is the proper remedy. On remand, the ALJ will conduct a new sequential evaluation, weigh and analyze the medical opinions of Dr. Rubin and conduct a proper *Bustamante* analysis. The ALJ should also address the additional evidence made part of the record by the Appeals Council and, if appropriate, develop the record further and consider other post-hearing evidence.

[4] The court does not reach plaintiff's other assignments of error since they should be addressed on remand.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED November 19, 2008.

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE